# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACK SELF,<br><br>    Plaintiff,<br><br>v.<br><br>JOE H. BRISCO, Individually, Doing Business and Otherwise Known as EMPLOYEE'S MECHANICAL DEPARTMENT UNION,<br><br>and<br><br>EMPLOYEE'S MECHANICAL DEPARTMENT UNION,<br><br>    Defendants. | Case No. CIV-10-028-RAW |

## ORDER

      Before the court is Defendant Brisco's Motion to Dismiss for lack of jurisdiction [Docket No. 22]. Plaintiff filed this motion seeking damages under the Railway Labor Act, 45 U.S.C. § 151, *et. seq*. Plaintiff claims that while he was employed by the mechanical department at Kiamichi Railroad Company (hereinafter "KRR") in Hugo, Oklahoma, the Defendants breached their duty to represent him.

      Defendant Brisco argues that there is no entity having the name "Employee's Mechanical Department Union" and that there is not a union or collective bargaining representative acting for the mechanical department at KRR. Brisco states that there is no legal relationship between himself and Plaintiff.

      Plaintiff filed his Response, arguing that Joe Brisco is, and was at all times relevant to this action, the collective bargaining representative for the mechanical department at the Hugo

Yard at KRR. He states that Brisco held himself out as the representative of the employees of the mechanical department of KRR on all matters pursuant to the Railway Labor Act, 45 U.S.C. § 151 *et. seq.* at all times relevant to this action, and that he was recognized by KRR as the bargaining agent for those employees. Defendant Brisco did not file a Reply.

**PROCEDURAL ANALYSIS**

Plaintiff argues that because materials outside the pleadings were submitted with the Motion to Dismiss, the motion must be treated as a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). Rule 12(d) states that a motion under Rule 12(b)(6) or 12(c) must be treated as a summary judgment if matters outside the pleadings are submitted and considered by the court. The motion before the court, however, is a motion to dismiss for lack of subject matter jurisdiction, thus falling under Rule 12(b)(1). When ruling on a 12(b)(1) motion, the court may consider evidence outside the pleadings without converting it to a motion for summary judgment. Davis ex rel. Davis v. United States, 343 F.3d 1282, 1296 (10th Cir. 2003).

Of course, if "'resolution of the jurisdictional question is intertwined with the merits of the case,' it is necessary to 'convert a Rule 12(b)(1) motion . . . into a [motion under] Rule 12(b)(6) . . . or . . . Rule 56.'" Id. (quoting Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995)). "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." Holt, 46 F.3dd at 1003 (citing Wheeler v. Hurdman, 825 F.2d 257, 259 (10th Cir. 1987)).

The court finds that the question of whether Brisco was the collective bargaining agent for the mechanical department at KRR is an aspect of the substantive claim. The court, therefore,

converts the motion to a 12(b)(6) motion. The court will not, however, consider the evidence outside the pleadings and convert this to a summary judgment motion. Even though both parties submitted evidence outside the pleadings, if the court had planned to convert the motion, it would have notified the parties prior to such conversion. Moreover, Local Civil Rule 56.1(a) limits parties to one summary judgment motion absent leave of the court.[*]

## ANALYSIS

In order to survive a motion to dismiss for failure to state a claim, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiffs must nudge his "claims across the line from conceivable to plausible," otherwise his Amended Complaint must be dismissed. Id. The Twombly court is critical of complaints that do not mention a specific time, place or person. Id. at 565 n. 10.

The Tenth Circuit has noted that "'plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Id. The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." Id. at 1248.

---

[*]In this case, the court prefers to hear all of Defendants' arguments for summary judgment at once rather than grant them leave to file additional summary judgment motions.

The court believes that Plaintiff has more than nudged his claims across the line from conceivable to plausible. Plaintiff's Amended Complaint details the specific times the alleged acts and failures to act occurred, the place at which the alleged acts and failures to act occurred, and the persons whom he claims is liable for his injuries that occurred because of those alleged acts and failures to act. He specifically alleges that Defendant Brisco is the collective bargaining representative for the mechanical department at KRR, that Brisco had a duty to represent Plaintiff, and that Brisco failed to represent Plaintiff. The motion to dismiss is [Docket No. 22] DENIED.

The court understands that Defendant Brisco submitted evidence he believes establishes that he was not the collective bargaining representative for the mechanical department at KRR and that there was no union in existence. Plaintiff submitted additional evidence that he believes establishes the opposite. The court will, of course, consider these issues again on a motion for summary judgment.

IT IS SO ORDERED this 20th day of July 2010.

**Dated this 20th Day of July 2010.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0